**Ibrahima KANDEH, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] United States Attorney General, Respondent.**

**No. 04–5106–ag.**

United States Court of Appeals, Second Circuit.

May 8, 2006.

Ronald S. Salomon, New York, New York, for Petitioner.

James R. Dedrick, Acting United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondent.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Ibrahima Kandeh (A73–634–270), though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Barbara A. Nelson denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

■ While no court has established a minimum threshold of harm that an asylum applicant must show in order to establish past persecution, all courts, including this one, require that the alleged harm be severe. *Ai Feng Yuan v. USDOJ,* 416 F.3d 192, 198 (2d Cir.2005). This Court has held that while the murder of an applicant's close family member may support a finding of a well-founded fear of persecution, it does not automatically constitute past persecution of the applicant. *Melgar de Torres v. Reno,* 191 F.3d 307, 313 n. 2 (2d Cir.1999). *But cf. Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006) (finding that persecution of a *child*'s family members could constitute past persecution). Here, as in *Melgar de Torres,* the applicant was an adult at the time his father and brother were taken away and apparently murdered. Because Kandeh has not presented any further circumstances that might have constituted persecution, and because he acknowledged that he was never arrested or mistreated by rebels or authorities in Sierra Leone, the IJ reasonably held that Kandeh had not established past persecution.

■ The IJ was also reasonable in determining that country conditions in Sierra Leone had changed significantly since Kandeh fled, thereby eliminating any reasonable fear of future persecution. According to the State Department country report as well as Kandeh's testimony, the civil war in Sierra Leone has officially ended, and the government has regained control of the country. As the IJ considered the State Department materials in conjunction with Kandeh's own testimony regarding the state of affairs in Sierra Leone, *see Tian–Yong Chen v. INS,* 359 F.3d 121, 130 (2d Cir.2004), her determination is substantially supported by the record.

Kandeh has waived any challenge to the IJ's denial of withholding of removal and CAT relief by failing to address these issues in his brief before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review and motion for stay of removal are DENIED.